USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                        :
KEWAZINGA CORP.,                          :
                                                        :
                                  Plaintiff,    :             1:18-cv-4500-GHW
                                                        :
             -against-                    :       MEMORANDUM OPINION &
                                                        :                ORDER
MICROSOFT CORPORATION         :
                                            Defendant.  :
                                                        :
------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

       In *Kewazinga Corp. v. Microsoft Corporation* ("*Kewazinga I*"), the Court granted in part Defendants' motion for summary judgment. Dkt. No. 1:18-cv-4500-GHW, 558 F. Supp. 3d 90 (S.D.N.Y. 2020). Plaintiff now seek reconsideration of the Court's decision to grant Defendant summary judgment with respect to the applicability of the doctrine of equivalents. Because Plaintiff has failed to carry its burden to show that the Court erred in *Kewazinga I*, its motion for reconsideration is DENIED.

**I. BACKGROUND**

       *Kewazinga I* provides all of the relevant background. That decision addressed the dueling motions for summary judgment brought by the parties to this action. The only aspect of the Court's opinion in *Kewazinga I* at issue here is the Court's decision to grant Defendant's motion for summary judgment with respect to Plaintiff's infringement claim based on the doctrine of equivalents. In *Kewazinga I*, the Court held that Plaintiff could not prevail with respect to its claim based on the doctrine of equivalents, concluding that the concept of equivalency promoted by Plaintiff was specifically excluded from the scope of the claims. *Kewazinga I*, 558 F. Supp. 3d at 118 ("'[T]he concept of equivalency cannot embrace a structure that is specifically excluded from the scope of the claims.' Indeed, the Federal Circuit has 'found "specific exclusion" where the patentee seeks to

encompass a structural feature that is the opposite of, or inconsistent with, the recited limitation.'" That is the case with Kewazinga's proposal." (internal citations omitted)).

In the memorandum of law presented in support of its motion for reconsideration, Dkt. No. 325 (the "Motion"), Plaintiff argues that the "Court's conclusion that 'no reasonable jury could find equivalence to the "array of cameras" limitation' because the accused structure was outside of the scope of the claims as construed by the Court, *i.e.*, 'a set of multiple cameras, each fixed in relation to each other,' was legal error." Motion at 5.

Plaintiff's motion also purports to seek clarification regarding the effect of the Court's decision to exclude portions of the testimony of its damages expert, Michelle Riley. In *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 4066597 (S.D.N.Y. Sept. 1, 2021) ("*Kewazinga II*"), the Court evaluated Ms. Riley's proposed testimony regarding damages, which relied on her opinion of the appropriate royalty rate. The Court concluded that "Ms. Riley failed to identify a properly apportioned royalty base that accounted for both the patented and unpatented features of Streetside, her testimony is unreliable and should be excluded." *Id.* at *21. Because the Court excluded the testimony of Ms. Riley, the Court granted Defendant's motion for summary judgment with respect to the damages case that Plaintiff had presented because it relied only on the excluded testimony of Ms. Riley. *Kewazinga I*, 558 F. Supp. 3d at 122.

In the Motion, Plaintiff "requests clarification of the Court's Orders excluding limited aspects of Ms. Riley's opinion . . . and granting summary judgment 'as to Kewazinga's damages theory.'" Motion at 21. Plaintiff requests leave to file a supplemental expert report to supplement Ms. Riley's expert report, which Plaintiff describes as "the ordinary course" response for when an expert report is stricken. *Id.*

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party must set forth "the matters or controlling decisions which counsel believes the Court has

overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enf't*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Gottlieb v. Tyler*, 795 F. App'x 82, 83 (2d Cir. 2020). A motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *R.B. ex rel. A.B. v. Dep't of Educ. of City of N.Y.*, No. 10–6684, 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### III. DISCUSSION

    **A.    The Showing Required for a Motion for Reconsideration Has Not Been Made**

At the outset, the motion for reconsideration should be denied because Plaintiff has not made the showing required for a motion for reconsideration. Plaintiff's motion does not present new law or evidence. Instead, its arguments are based on evidence previously presented to the Court and caselaw that cannot be described as new. While the motion argues that the Court erred in reaching its conclusion, it does not point to "clear error." Instead, it retreads disputed issues that the Court resolved against the Plaintiff. Because the motion is being used as an opportunity to relitigate issues already decided by the Court and does not raise new legal issues, the Court could

deny much of it on that basis alone.  Nonetheless, the Court considers the specific issues raised by Plaintiff below.

> B. **Reconsideration of the Court's Conclusion Regarding the Doctrine of Equivalents Is Not Warranted**

Plaintiff's argument that the Court erred because it made its decision regarding the applicability of the doctrine of equivalents merely "because the accused structure was outside the scope of the claims as construed by the Court" is spurious.  Motion at 5.  Plaintiff argues that the Court erred because it based its conclusion solely on the fact that the accused structure was outside of the scope of the claims.  Motion at 5 ("The accused structure being outside the scope of the claims is the **_starting point_** for DOE . . . .  That Microsoft does not literally infringe the 'array of cameras' limitation does not **_end_** the DOE inquiry.  Rather it **_begins_** the analysis.").

This argument by Plaintiff relies on a knowing misrepresentation of the Court's ruling.  The Court did not reach its conclusion based merely on the fact that the accused structure fell outside the scope of the claims, as Plaintiff asserts in bold, italicized language.  Instead, as outlined above, the Court concluded that Kewazinga's doctrine of equivalents assertion was specifically excluded. *Kewazinga I*, 558 F. Supp. 3d at 118.  That Plaintiff's argument is based on a knowing misrepresentation of the Court's decision is clear.  For just 10 pages later in the Motion, Plaintiff acknowledges the true basis for the Court's decision.  Motion at 16 ("The Court concluded that Kewazinga's doctrine of equivalents assertion was 'specifically excluded from the scope of the claims' and 'vitiates the requirement that multiple cameras form the array.'").

The Court did not misapply the doctrine of equivalents.  As the Court wrote in *Kewazinga I*,

> "[T]he concept of equivalency cannot embrace a structure that is specifically excluded from the scope of the claims." *Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1335 (Fed. Cir. 2014) (*quoting Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 400 (Fed. Cir. 1994)).  Indeed, the Federal Circuit has "found 'specific exclusion' where the patentee seeks to encompass a structural feature that is the opposite of, or inconsistent with, the recited limitation." *Id.* (citing *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1346–47 (Fed. Cir. 2001)).

4

*Kewazinga I*, 558 F. Supp. 3d at 118.  The Court concluded that Kewazinga sought to do just that—its purported "equivalent" encompassed a structural feature that was inconsistent with the recited limitation.  Here that limitation was the requirement that there be a fixed relationship between each of the cameras that form the "array of cameras."  Kewazinga promoted an argument that its system was equivalent, despite the fact that its system did not involve cameras in fixed relationship with each other—but rather a series of images captured at successive locations by a single camera system at indeterminate intervals.  Kewazinga presented no competent evidence that the series of images were captured in fixed relationship to one another:  As Microsoft notes, "[t]he only evidence that Kewazinga provided for such an allegedly fixed interval between capture locations was its trigger rate theory, which the Court excluded from the case.  In short, Kewazinga's alleged evidence of equivalence in its motion is nothing but another attempt to erase the requirement of the 'fixed relationship' between cameras forming the array."  Opposition at 11-12.

While Kewazinga argues that the Court erred, fundamentally, Kewazinga's equivalents theory represents the kind of "unbounded" doctrine of equivalents reined in by the Supreme Court in *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997).  Kewazinga takes the position that the output of Microsoft's system is equivalent overall to the output of their claimed invention.  That conceptual underpinning of Kewazinga's position pervades its briefing in the Motion, as it has throughout the case.  *See, e.g.*, Motion at 19 ("For example, even when considering just one of the cameras in Streetside-even though there are multiple-and the images it captures, it is still the case that:  (1) user navigation of the images is along a path defined by the points where the camera captured the images, (2) the images captured by the camera can be mosaiced and tweened, and (3) one would not be able to tell the difference between images acquired using this single camera and images acquired by positioning multiple cameras at the points where the single camera captured images.").  But the doctrine of equivalents "must be applied to the individual elements of the claim, not to the invention as a whole.  It is important to ensure

5

that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner-Jenkinson Co.*, 520 U.S. at 29.  The question is not whether the overall output of the system is similar, but whether the Kewazinga's proposed equivalent is inconsistent with the relevant claim.  Because roving cameras with no fixed relationship to each other are inconsistent with cameras in fixed relation to one another, Kewazinga's doctrine of equivalents claim cannot survive, as the Court concluded in *Kewazinga I*.

### C. The Court Excluded Ms. Riley's Testimony in Full in *Kewazinga II*

The Court excluded Ms. Riley's testimony and granted Microsoft summary judgment with respect to the theory of damages based on her testimony that Kewazinga had asserted.  Nonetheless, Kewazinga asserts that in ruling on Microsoft's motion for summary judgment and to exclude the testimony of Ms. Riley, "the Court left intact the majority of Ms. Riley's reasonable royalty analysis, and she will testify on those topics at trial."  Motion at 22.  It is understandable why Kewazinga wishes to frame the Court's decision in this limited way, but it is a distortion of the record and the Court's ruling.

As described in depth in *Kewazinga II*, Ms. Riley offered expert testimony regarding the damages claimed by Kewazinga as a result of Microsoft's alleged infringement.  Ms. Riley was the only expert offered by Kewazinga in support of its case, and she approached the calculation of damages using a single approach:  the calculation of a "reasonable royalty."  Ms. Riley arrived at her opinion regarding what would be a reasonable royalty by applying a what she determined to be an appropriate royalty rate to the royalty base.  The Court examined Ms. Riley's opinion and concluded that Ms. Riley had failed to properly apportion between the patented and unpatented features of the product.  Thus, the Court concluded that because "Ms. Riley failed to identify a properly apportioned royalty base that accounted for both the patented and unpatented features of Streetside, her testimony is unreliable and should be excluded." *Kewazinga II*, 2021 WL 4066597, at *21.

To respond to Kewazinga's request for "clarification of the Court's Orders excluding limited aspects of Ms. Riley's opinion . . . ," Motion at 21, this portion of the opinion in *Kewazinga II* means just what it says. Because Ms. Riley's opinion regarding damages has two parts—the reasonable royalty applied to the royalty base—and because her opinion regarding one of those two parts is flawed, she cannot offer an opinion regarding damages in this case. To reduce the question to a simple formula to illustrate the Court's decision for purposes of clarity, Ms. Riley claims that the formula to calculate Kewazinga's damages is (XxY). Ms. Riley does not have a proper opinion regarding X. Therefore, regardless of merit of her opinion about Y, she cannot present an opinion about the output of the formula. Kewazinga's characterization of the Court's decision as excluding "limited aspects of Ms. Riley's opinion," like its declaration in the Motion that Ms. Riley will testify at trial regarding the portion of her testimony that the Court did not exclude, is baseless sophistry.[1] The Court excluded all of her testimony regarding the issue of damages, as the opinion in *Kewazinga II* makes clear. *Kewazinga II*, 2021 WL 4066597, at *21 (Ms. Riley's "testimony is unreliable and should be excluded.").

### D.    Oral Argument Would Assist the Court in Resolving the Remaining Issues

The Court will hear oral argument regarding Plaintiff's request for "clarification of the Court's Orders . . . granting summary judgment 'as to Kewazinga's damages theory.'" Motion at 21. At base, the text of *Kewazinga I* speaks for itself. In *Kewazinga I*, the Court wrote the following:

> Microsoft argues that it is entitled to summary judgment *on Kewazinga's damages case* because Kewazinga's damages expert, Michele Riley, failed to meet the requirements of apportionment. Specifically, Microsoft asserts that Ms. Riley used a royalty base larger than the smallest salable patent-practicing unit and failed to properly apportion between "patented and "unpatented" features of Streetside. For the following reasons, *summary judgment as to this issue is granted*.

---

[1] Despite its request for "clarification," that Kewazinga understands that Ms. Riley must present a viable opinion regarding the royalty base in order to justify any testimony regarding the company's damages is evidenced by the fact that it seeks leave to permit her to present a supplemental expert report on that topic.

*Kewazinga I*, 558 F. Supp. 3d at 121 (emphasis added).  At the same time, the Court is mindful of the statute's mandate that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty rate . . .", 35 U.S.C. § 284.  In order to respond to the substance of Plaintiff's request, the Court requires additional information regarding the nature of the evidence that Plaintiff could present regarding its damages barring the excluded testimony of Ms. Riley.

The Court will also hear argument regarding the request for leave for Ms. Riley to file a supplemental expert report.  The parties do not frame this request as an application to modify the case management plan to extend the deadline for expert discovery, but it is just that.  The Court entered a scheduling order under Rule 16 that contained a deadline for the completion of expert discovery, and made plain its expectation that all theories of damages would be presented during the expert discovery period established in it.  In order to evaluate the application to reopen expert discovery, the Court will welcome further argument.  In particular, the Court would benefit from further argument regarding the prejudice to Defendant from reopening discovery for the purpose of permitting the supplement of Plaintiff's expert report, and whether there are mechanisms that would mitigate that prejudice, such as the imposition of an obligation for Plaintiff to pay for Defendant's fees and costs incurred responding to the incremental additional discovery requested by Plaintiff.

**IV. CONCLUSION**

Defendants motion for reconsideration is DENIED IN PART.  The Court will hold oral argument with respect to the issues identified above on September 21, 2022 at 3:00 p.m.  The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 324.

SO ORDERED.

Dated: September 14, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge